**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.** _____

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

        Plaintiffs,

vs.

800-FLOWERS, INC.,

        Defendant.

_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sue 800-FLOWERS, INC. ("FLOWERS") for patent infringement, and in support, allege as follows:

### NATURE OF THE LAWSUIT

1. This is an action for patent infringement of United States Patent Numbers: 6,952,645; 7,400,970; 6,904,359 and 6,975,998 arising under the patent laws of the United States, Title 35 of the United States Code.

### JURISDICTION, VENUE, AND THE PARTIES

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over FLOWERS pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that FLOWERS: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortuous acts within Florida; (c) was and/or is engaged in substantial

and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the Courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

5. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg. ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands. Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

## THE DEFENDANT

7. Defendant FLOWERS is a New York Corporation with a principal address located at 1 Old County Road, Suite 500, Carle Place, NY 11514. FLOWERS has locations all throughout Florida. FLOWERS has stores, offices and goods for sale all throughout the State including many specifically within this Judicial District, including for example in Pembroke Pines. FLOWERS formerly had a Registered Agent located in Plantation, Florida, and has, as is readily apparent, at a minimum, offered to provide and/or has provided to customers specifically within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the '359, '645, '970 and '998 patents.

## THE PLAINTIFFS' PATENTS

8. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 9,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005. A copy of the '645 patent is attached hereto as Exhibit 1.

9. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United State Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008. A copy of the '970 patent is attached hereto as Exhibit 2.

10. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 9,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 3.

11. The '359 patent referenced in Paragraph 10 above was the subject of an Inter Partes reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 4.

12. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,975,998 ("the '998 patent"), entitled "Package Delivery Notification System and Method", issued December 13, 2005. A copy of the '998 patent is attached hereto as Exhibit 5.

## COUNT I
## DIRECT PATENT INFRINGEMENT

13. Plaintiffs hereby incorporate Paragraphs 1 through 12 set forth above as if fully set forth herein.

14. Pursuant to 35 U.S.C. § 271(a), FLOWERS has directly infringed claims of the '359, '645, '970 and '998 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies (ie "Track Your Order"; "Track by Order#...") within its **"ADVANCE SHIP NOTICE"** and **"SHIPMENT CONFIRMATION EMAIL"** services (ie Order and Shipment Confirmation Emails- "An Order Confirmation e-mail within one hour of order"; "A Shipping Confirmation e-mail informing you that your order has been shipping"; "A Delivery Confirmation e-mail informing your that your item has been received") that are protected by the '359, '645, '970 and '998 patents, as every claim limitation, or its equivalent, is found in these applications, solutions, devices, programs, products, services, methods and/or systems.

15. Furthermore, Plaintiff would argue that a means plus function claim is present. By way of example, claim 10 of the 998' Patent, "a system for reporting impending vehicle deliveries, comprising: means for receiving a plurality of packages; means for assigning each of said packages to a vehicle; means for determining an order that said vehicle is to deliver said packages; means for determining, based on said order, a first time period that said vehicle is expected to deliver one of said packages to a recipient; means for causing a notification message to be transmitted to said recipient, said notification message indicating said first time period; means for simultaneously transporting each of said packages via said vehicle; and means for transporting said one package to a premises of said recipient via said vehicle."

16. FLOWERS' direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '645, '970 and '998 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against FLOWERS and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with FLOWERS, granting the following relief:

A. An award of damages against FLOWERS adequate to compensate Plaintiffs for the infringement that has occurred with respect to FLOWERS, together with prejudgment interest from the date that FLOWERS' infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against FLOWERS prohibiting infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT II
## INDIRECT PATENT INFRINGMENT

17. Plaintiffs hereby incorporate Paragraphs 1 through 12 set forth above as if fully set forth herein.

18. Pursuant to 35 U.S.C. §§ 271(b) and (c), FLOWERS has indirectly infringed claims of the '359, '645, '970 and '998 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies (ie "Track Your Order"; "Track by Order#...") within its **"ADVANCE SHIP NOTICE"** and **"SHIPMENT CONFIRMATION EMAIL"** services (ie Order and Shipment Confirmation Emails- "An Order Confirmation e-mail within one hour of order"; "A Shipping Confirmation e-mail informing you that your order has been shipping"; "A Delivery Confirmation e-mail

informing your that your item has been received") that are protected by the '359, '645, '970 and '998 patents, as FLOWERS actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as FLOWERS had knowledge, rather than intent, that is activity cause such infringement.

19. Furthermore, Plaintiff would argue that a means plus function claim is present. By way of example, claim 10 of the 998' Patent, "a system for reporting impending vehicle deliveries, comprising: means for receiving a plurality of packages; means for assigning each of said packages to a vehicle; means for determining an order that said vehicle is to deliver said packages; means for determining, based on said order, a first time period that said vehicle is expected to deliver one of said packages to a recipient; means for causing a notification message to be transmitted to said recipient, said notification message indicating said first time period; means for simultaneously transporting each of said packages via said vehicle; and means for transporting said one package to a premises of said recipient via said vehicle."

20. FLOWERS' contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '359, '645, '970 and '998 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against FLOWERS and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with FLOWERS, granting the following relief:

A. An award of damages against FLOWERS adequate to compensate Plaintiffs for the infringement that has occurred with respect to FLOWERS, together with prejudgment interest from the date that FLOWERS' infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against FLOWERS prohibiting infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues to triable.

Dated: March 19, 2015

Respectfully submitted,

/s/ Jason P. Dollard
Jason P. Dollard, Esquire
Florida Bar Number: 0649821
Leslie Robert Evans & Assoc., PA
214 Brazilian Avenue, Suite 200
Palm Beach, Florida 33480
Telephone: 561-832-8288
Facsimile: 561-832-5722
Email: jdollard@jpdesq.com

**Counsel for Plaintiffs**